CRITES ET AL., RESPONDENTS, *v.* SECURITY STATE BANK OF HAVRE, APPELLANT.

(No. 3,601.)

(Submitted February 14, 1916.   Decided March 3, 1916.)

[155 Pac. 970.]

*Banks and Banking—Wrongful Dishonoring Checks—Damages —Presumptions—Excessive Verdict.*

Banks and Banking—Wrongful Dishonoring Checks—Damages—Presumptions.
  1.  In an action for damages for the wrongful dishonor of a trading customer's check, which accrued before the enactment of Chapter 90, Laws of 1915, limiting the bank's liability to damages actually proven, plaintiff was not required to show malice or present evidence of tangible loss, but could rely upon the presumption which allowed him substantial damages, temperately measured.

Same—Excessive Verdict.
  2.  Where a bank through mistake dishonored a trading customer's check, but upon discovery of the mistake notified the payee and paid it

with costs of protest, and plaintiff showed neither malice on the bank's part nor actual damage, a verdict for $500 *held* excessive, and scaled to $200.

[As to liability of bank for dishonoring check, see note in 80 **Am. St. Rep.** 865.]

*Appeal from District Court, Hill County, in the Twelfth Judicial District; John A. Matthews, Judge for the Fourteenth District, presiding.*

ACTION by W. D. Crites and J. R. Crites, copartners doing business as Crites & Crites, against the Security State Bank of Havre. From a judgment for plaintiffs and an order denying new trial, defendant appeals. Modified and affirmed.

*Messrs. Cooper & Stephenson* and *Mr. Charles A. Rose,* for Appellant, submitted a brief; *Mr. Sam Stephenson* argued the cause orally.

*Mr. Victor R. Griggs,* for Respondents, submitted a brief and argued the cause orally.

In cases of this kind the courts make a distinction between an action brought by an ordinary depositor for the wrongful dishonor of his check and an action brought by a merchant or trader. In the former case the rule of law is that, in the absence of malice, oppression or bad motive, the refusal of a bank to honor its depositor's check, when such depositor has sufficient funds on deposit to meet the payment of the same, gives the depositor the right to recover only nominal damages unless he alleges and proves some special damage. But if the plaintiff is a trader or merchant, and his check is wrongfully dishonored, it will be presumed without further proof that substantial damage has been sustained. (5 R. C. L. 549; 5 Cyc. 535; *Lorick* v. *Palmetto Bank & T. Co.,* 74 S. C. 185, 7 Ann. Cas. 818, 54 S. E. 206; *Schaffner* v. *Ehrman,* 139 Ill. 109, 32 Am. St. Rep. 192, 15 L. R. A. 134, 28 N. E. 917; *Patterson* v. *Marine Nat. Bank,* 130 Pa. 419, 17 Am. St. Rep. 779, 18 Atl. 632; *James Co.* v. *Continental Nat. Bank,* 105 Tenn. 1, 80 Am. St. Rep. 857, 51 L. R. A. 255, 58 S. W. 261; *First Nat. Bank* v. *Kansas Grain*

*Co.,* 60 Kan. 30, 55 Pac. 277; *Atlanta Nat. Bank* v. *Davis,* 96 Ga 334, 51 Am. St. Rep. 139, 23 S. E. 190; *Bank of Commerce* v. *Goos,* 39 Neb. 437, 23 L. R. A. 190, 58 N. W. 84; *American Nat. Bank* v. *Morey,* 113 Ky. 857, 101 Am. St. Rep. 379, 58 L. R. A. 956, 69 S. W. 759; *Siminoff* v. *Goodman & Co. Bank,* 18 Cal. App. 5, 121 Pac. 939; *Third National Bank* v. *Ober,* 178 Fed. 678, 102 C. C. A. 178.)

MR. JUSTICE SANNER delivered the opinion of the court.

The plaintiffs, trading copartners engaged in the retail meat business at Gildford, this state, drew a check upon the defendant bank for $13.65 payable to the order of the Booth Fisheries Company of St. Paul. The payee, in due course of business, caused the check to be presented to the defendant bank for payment. The bank refused payment for that it did not have sufficient funds belonging to the plaintiffs to pay the check and caused the check to be protested and returned. The plaintiffs had ample funds with the bank to meet the check, and the dishonor and protest were due to a mistake of the bank in crediting a previous deposit by the plaintiffs to the wrong person. Being advised of its mistake, the bank notified the payee, caused the check to be sent back, and paid it with the costs of protest. Upon these facts, the plaintiffs claiming damages in the sum of $1,000, the cause was presented to a jury, who awarded the plaintiffs $500. The sufficiency of the evidence to justify this verdict, and some procedural rulings, are presented for review.

The cause of action accrued in March, 1913, and at that time [1] the liability of a bank for the wrongful dishonor of a customer's check was not limited, as it is now, to the damages actually proved; but, in the case of a trading customer, substantial damages, temperately measured, were to be presumed. (5 R. C. L. 548 *et seq.,* and cases cited.) The respondent stood upon this presumption, showing no malice and presenting no evidence of tangible loss. In these circumstances it cannot be said that the jurors did not exercise their best judgment in fixing the award, bereft, as they were, of the ordinary measures of

evaluation; and if their best judgment was exercised, then their verdict was not the result of passion and prejudice so as to warrant a new trial. But while this is so, we think the verdict [2] is excessive, measured by any applicable standards which may be suggested in matters of this kind. The plaintiffs were entitled to vindicate themselves from the possible imputation upon their solvency and good faith, and to be reimbursed for the cost of their effort in that behalf, but no more; and for this the sum of $200 should suffice.

The procedural rulings assigned present no ground for reversal.

The order denying a new trial is affirmed, but the cause is remanded to the district court, with directions to modify the judgment so as to award plaintiffs the sum of $200 as damages, with their costs, and as so modified to stand affirmed. Each party will pay his own costs upon these appeals.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.