WARD, RESPONDENT, *v.* STATE BANK OF YATES, APPELLANT.

(No. 3,657.)

(Submitted March 31, 1916.   Decided April 28, 1916.)

[157 Pac. 573.]

*Banks and Banking—Dishonoring Checks—Damages Recoverable.*

1. Substantial damages, temperately measured, may be awarded, in an action against a bank for wrongfully dishonoring a check, even though evidence of tangible loss was not introduced.

[As to bank's liability for failure to honor check, see note in 80 Am. St. Rep. 865.]

*Appeal from District Court, Dawson County, in the Seventh Judicial District; Roy E. Ayers, of the Tenth District, Judge presiding.*

ACTION by C. E. Ward against the State Bank of Yates. Judgment for plaintiff and defendant appeals.   Affirmed.

*Messrs. Loud, Collins, Campbell, Wood & Leavitt,* for Appellant, submitted a brief; *Mr. Chas. H. Loud* argued the cause orally.

Cases such as this are rare, and not many decisions can be cited as bearing directly upon this question.   One of the earliest and best considered cases clearly holds that the action is founded on a contract, and that in the absence of proof of special or actual damages, the plaintiff is only entitled to recover nominal damages.   (*Marzetti* v. *Williams,* 1 Barn. & Ad. 415, 109 Eng. Reprint, 842; Mecham's Cases on Damages, p. 9.)   The trial court adopted and followed the rule announced in the following cases: *Atlanta Nat. Bank* v. *Davis,* 96 Ga. 334, 51 Am. St. Rep. 139, 23 S. E. 190; *Svendsen* v. *State Bank,* 64 Minn. 40, 58 Am. St. Rep. 522, 31 L. R. A. 552, 65 N. W. 1086; *Schaffner* v. *Ehrman,* 139 Ill. 109, 32 Am. St. Rep. 192, 15 L. R. A. 134,

As to liability of bank for refusal to pay check when having funds therefor, see note in **15 L. R. A. 137.**

28 N. E. 917. The rule announced by these cases is that the refusal of the bank to pay a check, when the depositor has sufficient funds to meet it, amounts to a slander of the merchant or trader in his business, and he is entitled to recover general compensatory damages. We submit that a bank's refusal to pay the check of a merchant, when properly presented, does not amount to a slander of the merchant, and that an action for slander could not be maintained upon such a state of facts. The measure of damages for a breach of a contract is provided by sections 6048 and 6049 of the Revised Codes. We cannot understand, in the light of these two sections, how a man who admits that he has received no damage should be entitled to general damages in a case where the record shows that all parties concerned, and particularly the parties who returned the check and notified him of its dishonor, were fully cognizant of the real facts of the case. A verdict for nominal damages is the only verdict that should have been rendered in this case, and the court should have so instructed the jury.

*Mr. F. P. Leiper,* for Respondent, submitted a brief and argued the cause orally.

While there is some authority for appellant's position, the greater weight of authority upholds the theory on which the case was tried. A leading case in support of respondent's position is that of *J. M. James Co.* v. *Continental Nat. Bank,* 105 Tenn. 1, 80 Am. St. Rep. 857, 51 L. R. A. 255, 58 S. W. 261. In that case the court holds that an action such as the case at bar is an action in tort, and not in contract; that the injury done to a depositor by the refusal of a bank to pay his check, when there are funds to cover, is in the nature of a slander of the depositor's credit and financial standing, for which he is entitled to substantial damages. (See, also, *Svendsen* v. *State Bank,* 64 Minn. 40, 58 Am. St. Rep. 522, 31 L. R. A. 552, 65 N. W. 1086; *Schaffner* v. *Ehrman,* 139 Ill. 109, 32 Am. St. Rep. 192, 15 L. R. A. 134, 28 N. E. 917; *First Nat. Bank* v. *Kansas Grain Co.,* 60 Kan. 30, 55 Pac. 277; *Patterson* v. *Marine Nat.*

*Bank,* 130 Pa. St. 419, 17 Am. St. Rep. 779, 18 Atl. 632; 5 Am. & Eng. Ency., 2d ed., 1059; 1 Cooley on Torts, 3d ed., 296; *Siminoff* v. *Jas. H. Goodman Co. Bank,* 18 Cal. App. 5, 121 Pac. 939.)

MR. JUSTICE SANNER delivered the opinion of the court.

On November 25, 1912, the plaintiff, a general merchant of Yates, Montana, drew his check for $25.55 upon the defendant, a state banking corporation, payable to Kelly-How-Thompson [1] Company, of Duluth, Minneapolis. The check was sent to the payee, and thereafter, through the Clearing-house Association of Helena and the Northern Express Company presented for payment on or about December 4, 1912. Payment was refused, although the plaintiff had, at the time it was drawn and at the time it was presented for payment, ample funds in the defendant bank to pay the same. This action was brought for damages on account of such refusal. Issues were joined, and the cause was tried to a jury, who found for the plaintiff. Judgment was entered on the verdict, and, defendant's motion for new trial being denied, these appeals are the result.

The principal contention is that prejudicial error occurred in certain rulings touching the measure of plaintiff's recovery, the case being tried and submitted on the theory that substantial damages, temperately measured, might be awarded notwithstanding plaintiff's failure to submit any evidence of tangible loss. There was no error in this. (*Crites* v. *Security State Bank, ante,* p. 121, 155 Pac. 970.)

The other assignments present no ground for reversal. The judgment and order appealed from are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.